Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1871 | **DATE** | 5/3/2002 |
| **CASE TITLE** | MAHURKAR vs. C.R. BARD | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter revised memorandum opinion and order regarding motion to enjoin and for reconsideration.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 15 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 103 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. SAKHARAM D. MAHURKAR,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC.,<br><br>Defendant. | No. 96 C 1871<br>Judge James B. Zagel |
| DR. SAKHARAM D. MAHURKAR,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., d/b/a DAVOL,<br><br>Defendant. | No. 92 C 4803<br>Judge James B. Zagel |

DOCKETED MAY 1 5 2002

## REVISED MEMORANDUM OPINION AND ORDER

Questions of who said what when have played an important role in the disputes between Dr. Sakharam D. Mahurkar and C.R. Bard, Inc. ("Bard") over whether Dr. Mahurkar settled his patent infringement dispute with Bard. The same or similar questions plague the lawsuit now pending in state court between Raymond P. Niro and the law firm of Niro, Scavone, Haller & Niro (together, "Niro") and Dr. Mahurkar. The parties are before me now on Niro's motion to enjoin further proceedings by Dr. Mahurkar inconsistent with this Court's July 10, 1997 judgment.

The parties have strong feelings about the dispute between them and, as I remarked on April 11, 2002, their briefs on this matter reflect that emotion. The exercise of that emotion at

103

times complicated and clouded the issue. So, in my April 11, 2002 order, I did two things to help focus the issues. I cleared away what I called "underbrush," that is, I ruled that the procedural arguments against Niro fail and its motion is timely brought.[1] I also indicated that some form of injunctive relief is appropriate[2] – what is evident from Niro's brief, but not from the title of its motion, is that Niro seeks to enjoin Dr. Mahurkar from taking certain positions in the state court action but is not trying to enjoin the state court action in its entirety – and, to that end, ordered further briefing to determine the scope of that relief. Specifically, the questions to be answered are what Dr. Mahurkar actually wants to say in the state court proceeding and whether what he wants to say is precluded by the factual findings I made in 1997.[3]

In order that an issue be precluded from litigation in a state proceeding, it must actually have been decided by the federal court. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988). Further, it must be based on what the court actually said and not on what it intended to say. *Id.* at 146 (discussing *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970)). Finally, it is limited to that which is "necessary to effectuate" the court's judgment. *Id.* at 145. So, the relevant inquiry turns on whether an issue was "actually and necessarily

---

[1] There is no question that I have jurisdiction in this matter pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, which permits a district court to enjoin a state court proceeding to "protect or effectuate its judgments." *See, e.g., Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939 (7th Cir. 1981).

[2] There is no prohibition on non-mutual issue preclusion in the Anti-Injunction Act and, accordingly, this does not prevent Niro from seeking its injunction. Although the injunction would be in favor of Niro, who was not a party to Mahurkar v. Bard, what matters is that Dr. Mahurkar was a party in that action.

[3] I do not find persuasive Niro's argument that the entire claim is precluded and, accordingly, will focus on whether particular issues are precluded.

2

determined" by this Court in my oral ruling on June 19, 1997 and the Judgment Order docketed on July 17, 1997 (the "1997 Rulings").

This inquiry begins with a determination of what Dr. Mahurkar is planning to say in the state court proceedings. In Dr. Mahurkar's own words, "the gravamen of [his] claim is not the lack of a settlement with Bard, but rather the fact that Bard would not have realized settlement had been achieved and sought to enforce the settlement but for Niro's wrongdoing." To this end, Dr. Mahurkar plans to assert that Niro (1) "tipped" Bard's attorney, Mr. Grimm, to an argument that the case had settled, which caused Bard to file its motion to enforce the settlement, (2) drafted a brief for Mr. Grimm to use against Dr. Mahurkar in enforcing the settlement, (3) otherwise engineered or orchestrated enforcement of the settlement and (4) spoilated evidence. Further, Dr. Mahurkar plans to advance the theory that he is entitled to seek attorneys' fees and enhanced damages because he would have been awarded them had the settlement not been enforced (which is obviously a matter of some speculation).

As a general matter, an issue that was "actually and necessarily determined" by this Court is that Dr. Mahurkar in June 1996 had reached a settlement with Bard of two lawsuits (Nos. 92 C 4803 and 96 C 1871). It was also "actually and necessarily determined" that Dr. Mahurkar gave Mr. Niro authority to enter into the settlement and gave written approval over the terms of the deal. In Dr. Mahurkar's own words, which I quoted then as now, "I signed it. I settled it. There is no question about authorizing the attorney." Accordingly, Dr. Mahurkar is precluded from claiming in the state court proceedings that Dr. Mahurkar and Bard did not reach a settlement of the two lawsuits. He is further precluded from claiming that he did not understand, agree to or authorize the settlement of the two lawsuits. Although Dr. Mahurkar did not claim in his

3

supplemental brief that he intended to make such claims, there was some previous confusion between the parties on this matter that might not have been cleared up by the supplemental briefs and, accordingly, it warrants a clear statement of the issue.

Dr. Mahurkar's claims regarding whether Niro "tipped" Mr. Grimm to the settlement, assisted him in enforcing such settlement and spoilated evidence were not litigated in 1997 and there is nothing in my explicit rulings to preclude him from making these claims in state court. The more difficult issue is whether he is precluded from raising the claims because he did not raise them when he challenged the enforcement of the settlement. One can see why he would not raise these matters before me. The claim is inherently weak in its causation component – it borders on the ridiculous to suppose that Mr. Grimm would need the assistance of Mr. Niro to inspire him to seek to enforce the settlement. It was in Bard's interest to enforce the settlement. It is also difficult to believe that Mr. Grimm would require the assistance of Mr. Niro to devise arguments to advance his position that the case was settled. On the other hand, the evidence would have been useful to show that Mr. Niro was not faithful to his former client and therefore not to be believed when he said that a settlement had been reached. In the end, I conclude that Dr. Mahurkar cannot be precluded from raising these matters in state court. Dr. Mahurkar's failure to raise it is not the equivalent of a failure to offer a defense or to make a claim, it is merely a failure to use evidence that might have helped him. He is not precluded from using it in another case based upon a different theory. It is for the state court to determine whether the causation aspect of the state claim is strong enough to justify its submission to the trier of fact.

Finally, in connection with Dr. Mahurkar's theory that he is entitled to seek attorneys' fees and enhanced damages because he would have been awarded them had the settlement not

been enforced, I find nothing in my 1997 Rulings to prevent him from using this as a measure of damages against Niro (assuming he sustains a malpractice claim against Niro). I recognize that I know, at least in part, the answer to these questions: what fees would have been awarded[4] and whether enhanced damages would have been awarded and, if so, in what amounts. I do not answer these questions because, under our legal structure, if liability is established, those questions are properly answered by another judge or a jury that will tell both Dr. Mahurkar and Mr. Niro (and, indirectly, me) what it was I would have done. It is one of the wonders of the law.

Niro's motion to enjoin further proceedings by Dr. Mahurkar inconsistent with this Court's July 10, 1997 judgment is GRANTED in part and DENIED in part.

Niro's motion for clarification of the Court's Memorandum Opinion and Order is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 3 May 2002

---

[4] I had ruled that Dr. Mahurkar was entitled to some portion of his fees though I had expressed a provisional view (which is dicta) that not all of the fees should be paid.